# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY CAMPBELL,                                    No. CIV S-05-0503-MCE-CMK-P

    Plaintiff,

    vs.                                         ORDER

S. SCHMIERER, et al.,

    Defendants.

_____/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (Doc. 7), filed on May 19, 2005.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2). This

means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

Plaintiff names the following as defendants, each of whom is a correctional officer at California State Prison, Sacramento: Schmierer; Kukrall; Moreno; Brandt; Nies; and Jackson. Plaintiff's hand-written first amended complaint appears to assert claims based on violation of his due process rights. In particular, plaintiff seems to complain about the procedures which were followed in connection with a rules violation report issued against him. Plaintiff seeks compensatory damages. For the reasons discussed below, the court concludes that plaintiff's first amended complaint fails to state a claim upon which relief can be granted.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). In determining whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily lies, but which are not attached to the complaint, see

1  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials
2  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.
3  1994), except prison regulations, see Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

4  Turning to the gravamen of plaintiff's claims, the Due Process Clause protects
5  prisoners from being deprived of life, liberty, or property without due process of law. Wolff v.
6  McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a
7  plaintiff must allege the existence of a liberty or property interest for which the protection is
8  sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564,
9  569 (1972). Due process protects against the deprivation of property where there is a legitimate
10 claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property
11 interests are created, and their dimensions are defined, by existing rules that stem from an
12 independent source – such as state law – and which secure certain benefits and support claims of
13 entitlement to those benefits. See id.

14 Liberty interests can arise both from the Constitution and from state law. See
15 Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976);
16 Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993). In determining whether the Constitution
17 itself protects a liberty interest, the court should consider whether the practice in question ". . . is
18 within the normal limits or range of custody which the conviction has authorized the State to
19 impose." Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974); Smith, 994 F.2d at 1405. In
20 determining whether state law confers a liberty interest, the Supreme Court has adopted an
21 approach in which the existence of a liberty interest is determined by focusing on the nature of the
22 deprivation. See Sandin, 515 U.S. at 481-84. In doing so, the Court has held that state law
23 creates a liberty interest deserving of protection only where the deprivation in question: (1)
24 restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes
25 atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."
26 Id. at 483-84.

1  Applying these standards, the Supreme Court has concluded that prisoners have no
2 liberty interest in good-time credits, see Wolff, 418 U.S. at 557; in remaining in the general
3 population, see Sandin v. Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see
4 Baxter v. Palmigiano, 425 U.S. 308, 323 (1976); in staying at a particular institution, see
5 Meachum, 427 U.S. at 225-27; or in remaining in a prison in a particular state, see Olim v.
6 Wakinekona, 461 U.S. 238, 245-47 (1983).  The Ninth Circuit has concluded that prisoners have
7 no liberty interest in remaining free from administrative segregation or solitary confinement.  See
8 May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).
9  Finally, with respect to prison disciplinary proceedings, due process requires prison
10 officials to provide the inmate with: (1) a written statement at least 24 hours before the
11 disciplinary hearing that includes the charges, a description of the evidence against the inmate,
12 and an explanation for the disciplinary action taken; (2) an opportunity to present documentary
13 evidence and call witnesses, unless calling witnesses would interfere with institutional security;
14 and (3) legal assistance where the charges are complex or the inmate is illiterate.  See Wolff, 418
15 U.S. at 563-70.  Due process is satisfied where these minimum requirements have been met, see
16 Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the
17 record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill,
18 472 U.S. 445, 455 (1985).  The "some evidence" standard is not particularly stringent and is
19 satisfied where "there is any evidence in the record that could support the conclusion reached."
20 Id. at 455-56.
21  In this case, plaintiff appears to contend that he was not provided with a written
22 statement of the charges against him 24 hours in advance of the disciplinary hearing.  Plaintiff
23 alleges that his hearing was held on February 16, 2004.  This is the only date relevant to plaintiff's
24 claims mentioned in the amended complaint.  Plaintiff does not state that he was never provided a
25 statement of the charges.  Plaintiff also does not state when he was provided a statement.  Thus,
26 the facts set forth in the complaint do not establish that the 24-hour notice rule was violated in this

1  case.  Moreover, documents attached to the amended complaint indicate that plaintiff's hearing
2  was actually held on February 16, 2005 (not 2004, as alleged in the amended complaint), and that
3  plaintiff was provided a statement of the charges against him on January 24, 2005.  For these
4  reasons, the court concludes that the allegations set forth in the amended complaint do not state a
5  claim upon which relief can be granted.

6           Because it is possible that the deficiencies identified in this order may be cured by
7  amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
8  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
9  informed that, as a general rule, an amended complaint supersedes the original complaint.  See
10 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
11 amend, all claims alleged in the original complaint which are not alleged in the amended
12 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
13 plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
14 plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be
15 complete in itself without reference to any prior pleading.  See id.

16          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
17 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
18 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
19 each named defendant is involved, and must set forth some affirmative link or connection
20 between each defendant's actions and the claimed deprivation.  See Rizzo v. Goode, 423 U.S. 362
21 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
22 (9th Cir. 1978).

23          Finally, plaintiff is warned that failure to file an amended complaint within the
24 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
25 1260-61; see also Local Rule 11-110.
26 ///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint, filed on May 19, 2005, is dismissed with leave to amend; and

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

DATED: October 24, 2005.

                                          *[signature]*
                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE